1   Peter B. Schlueter, State Bar No. 155880
    SCHLUETER LAW FIRM, PC
2   454 N. Arrowhead Avenue, 2nd Fl
    San Bernardino, California 92401
3   Telephone: 909.381.4888
    Facsimile: 909.381.9238
4   Email: schlueterlawoffice@yahoo.com

5   Attorney for Plaintiff David Baxter

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10  | **David Baxter**, an individual, | Case No.: 5:21-cv-1331 |

11  | | **COMPLAINT FOR DAMAGES**: |
        **Plaintiff**,

12  | | 1. Violation Of 42 U.S.C. § 1983
        v.                                  Fourth Amendment Rights – False
13  | |                                      Arrest / Unreasonable Seizure of Person; |

14  | **City of Hemet**, a municipality;    2.Violation Of 42 U.S.C. § 1983
        **Hemet Police Department**, a        Fourth Amendment Rights – Excessive
15    municipality; **Police Chief Eddie J.  Force;
        Pust**, an individual; **Christian
16    Coley**, an individual**; Nicholas      3.Violation of Fourteenth Amendment–
        Schroeder**, an individual; **Daniel   Deliberate Fabrication/Spoliation of
17    Reinbolt** , an individual;  and **DOES  Evidence;
        1 through 15**,
18  | |                                      4.  Assault and Battery; |

19  | |                                      5.  Intentional Infliction of Emotional
        **Defendants**.                       Distress (IIED); |
20

21  | |                                      6.  Negligence / Negligent Infliction
                                              of Emotional Distress (NIED); |
22

23  | |                                      7.  Deprivation of Civil Rights –
                                              Municipal and Supervisory Liability
                                              (42 U.S.C. § 1983). |
24  | |                                      **DEMAND FOR JURY TRIAL** |

25

26

27

28

Complaint for Damages / Jury Demand

**COMPLAINT**

1.      This is a case of an officer who acted impulsively and without lawful justification, and a Police Department and its supervisors that circled the wagons around that officer to actively ratify that officers  misdeeds rather than call out and cure the officer's maleficence. Even after the acts were committed, had the officer, supervisors and the Hemet Police Department acted responsibly Plaintiff may never had been filed this matter.  Rather, the defendants were content to "arrest their mistake" and leave Plaintiff empty of pride and dignity and to alone suffer the entire financial loss caused by the Defendants' acts.

**PARTIES**

**A. Plaintiff**

2.      At all relevant times, Plaintiff David Baxter ("Plaintiff" or "Baxter") is an adult qualified to bring suit on his own behalf.  At all relevant time, Baxter resided in the City of Hemet, Riverside County, California.

**B. Defendants**

3.      Defendant City of Hemet ("City" or "Hemet") is a municipality and is a political subdivision of the State of California. The Hemet Police Department (hereinafter "HPD") is a non-separable department of the City of Hemet located in the Riverside County, California.

4.      Defendant Eddie J. Pust ("Pust") is the HPD Chief of Police and is sued in his individual capacity as the relevant policy maker.

5.      The Hemet Police Department personnel known to have been involved are Christian Coley (Coley"), Nicholas Schroeder ("Schroeder"), Daniel Reinbolt ("Reinbolt") and DOES 1 through 14.

6.      At all relevant times, Defendants Christian Coley, Nicholas Schroeder, Daniel Reinbolt, and other City of Hemet Police department personnel (DOES 1-14) (together hereinafter "Individual Defendants"), are law enforcement officers, present, participating or actively supporting in the wrongful acts as

2

1   alleged herein.

2   7.    DOES 1-14 are as yet unidentified individuals who knowingly
3   participated in or supported some or all of the wrongful acts as stated herein.

4   8.    DOE 1-3, are unnamed supervisors because the identity has yet to be
5   ascertained. They were supervisors of the Individual Defendants on or near the
6   scene, and was thus knowingly involved with the violations of Plaintiff's
7   constitutional rights as alleged herein.

8   9.    DOES 4 and 5 are unnamed supervisors who participated in the
9   training or oversight of the Individual Defendants' wrongful acts as stated herein.
10  They are unnamed because their identity has yet to be ascertained.

11  10.   DOES 6-14 are unnamed because their identities have yet to be
12  ascertained. They participated in the deprivations visited upon Plaintiff, or with
13  full knowledge of the deprivation and the ability to stop the deprivations did not
14  and/or failed to investigate, or participate honestly in the investigation of the
15  allegations of misconduct as alleged herein, and as alleged.

16  11.   Each individually named defendant and each DOE defendant acted
17  under color of state law and within the scope of his or her agency and employment
18  with the City of Hemet and its Police Department. All acts and omissions of the
19  individual Defendants were malicious and intentional, with either the intent to
20  deprive Plaintiff of his constitutional and statutory rights, or in reckless disregard
21  of those rights.

22  12.   Furthermore, Plaintiff has assumed on information and belief that the
23  only government entity that operates the Hemet Police Department is the City of
24  Hemet itself. If it is later determined that another agency operates the Hemet
25  Police Department, then Plaintiff will substitute the entity as DOE 15.

26  13.   At such times as these individuals are identified, Plaintiff will seek to
27  substitute the names of those individuals for the currently named DOE defendants.

28

3

Complaint for Damages / Jury Demand

1

**JURISDICTION AND VENUE**

2    14.    This case arises under 42 U.S.C. § 1983 and state law claims.

3 Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C.

4 §§ 1331 and are within the supplemental jurisdiction of the Court pursuant to §

5 1367.

6    15.    Plaintiff's claims arise out of a course of conduct involving officials

7 of the City of Hemet and its Police Department and/or DOE 15 and its law

8 enforcement officers, in the State of California and within this judicial district.

9 The subject event occurred in the City of Hemet, Riverside County, State of

10 California.

11    16.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because

12 Plaintiffs believe Defendants Eddie J. Pust, Christian Coley, Nicholas Schroeder,

13 Daniel Reinbolt and DOES 1-14 reside in Riverside County, California, and

14 because all incidents, events, and occurrences giving rise to this action occurred in

15 Riverside County, California.

16

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17    17.    Plaintiff timely filed the appropriate administrative claims on

18 February 6, 2020. The City failed to provide timely notice within the requisite time

19 as ascribed by Government  Code §§ 911, 911.2, and 911.3 thus waiving the claim

20 provisions and time limitations to file suit enunciated in the California

21 Government Tort Claims Act.

22

**FACTS COMMON TO ALL CLAIMS**

23    18.    Plaintiffs repeats and re-allege each and every allegation in

24 paragraphs 1 through 17 of this Complaint with the same force and effect as if

25 fully set forth herein.

26    19.    On August 9, 2019, Hemet Police Department personnel

27 impermissibly detained, assaulted and battered, threatened the use of deadly force

28 and unlawfully arrested David Baxter.

4

1       20.    On August 9, 2019, at or around midnight Plaintiff Baxter was

2   driving his Ford F-150, Super Duty pick-up truck southbound on Gilbert Street in

3   the City of Hemet.

4       21.    On August 9, 2019, at or around midnight, Plaintiff Baxter came to

5   stop-sign controlled intersection of Acacia Avenue and Gilbert Street.  Baxter was

6   traveling westbound on Acacia Avenue and came to a complete stop at the

7   intersection.

8       22.    While Plaintiff Baxter approached the intersection, he activated his

9   left blinker.  He anticipated turning left (or Southbound travel) onto Gilbert Street.

10      23.    On August 9, 2019, at or around midnight, Defendant Christian Coley

11  was in his marked patrol unit traveling eastbound on Acacia Avenue and came to

12  the same stop-sign controlled intersection of Acacia Avenue and Gilbert Street just

13  before Plaintiff Baxter.

14      24.    At the intersection, Defendant Christian Coley flashed his vehicle's

15  headlights at Plaintiff Baxter, who had also stopped at the intersection.

16      25.    Rather than proceed first, Plaintiff Baxter waited until Defendant

17  Christian Coley traveled through and cleared the intersection and then proceeded

18  to make his left turn (or southbound travel) onto Gilbert Street.

19      26.    While Plaintiff Baxter made the left turn, he could see in his side-

20  view mirror that Defendant Coley's patrol unit was making a u-turn on Acacia

21  Avenue, run the stop sign at Gilbert Street and cut across the intersection in front

22  of off another driver.  In Defendant's maneuver, Plaintiff Baxter could see that

23  Defendant Coley almost hit the other driver's vehicle.

24      27.    Defendant Coley then advanced behind Baxter's vehicle with his

25  overhead lights activated.  Defendant Coley chirped his siren at Baxter.  Plaintiff

26  Baxter was approximately 20 feet north of his residence and all parking on Gilbert

27  was occupied and there was nowhere on the street for Plaintiff Baxter to stop.

28  Coley then bellowed  "pull-over" out his window.

Complaint for Damages / Jury Demand

1    28.    As Plaintiff Baxter backed into his driveway, Defendant Coley yelled

2    again "pull over."

3    29.    Plaintiff Baxter yelled back to Defendant Coley " I am," and "I'm

4    pulling into my driveway."

5    30.    Defendant Coley, apparently agitated, again yelled "I said pull over!"

6    31.    As Plaintiff Baxter backed into his driveway, Defendant Coley

7    rammed his patrol unit into the front of Plaintiff's truck.

8    32.    The front driver's side of Defendant Coley's patrol unit struck the

9    front passenger's side wheel of Plaintiff's truck.

10    33.    After the collision, Defendant Coley exited his patrol unit and drew

11    his weapon on Plaintiff Baxter, constituting excessive force in response to non-

12    criminal acts.

13    34.    As Defendant Coley kept his weapon trained on Plaintiff Baxter he

14    ordered "keep your hands where I can see them."

15    35.    Plaintiff Baxter was not committing a crime or traffic violation and

16    was not reasonably under suspicion of having committed a crime on August 9,

17    2019 when Defendant Coley contacted him.

18    36.    The truck that Plaintiff Baxter was driving was registered to his wife

19    Shelly Baxter.  Neither she nor the vehicle were under suspicion of having

20    committed a crime when the Defendant Coley contacted Plaintiff Baxter.

21    37.    On August 9, 2019, neither Plaintiff Baxter or his wife, Shelly Baxter,

22    were wanted by law enforcement, nor had warrant(s) for their arrest in existence.

23    38.    After Defendant Coley drew his gun on Plaintiff Baxter, he went

24    around the rear to the driver's side of Plaintiff's truck, opened the door, had

25    Plaintiff put his hand behind his back and proceeded to handcuff Plaintiff.

26    39.    Defendant Coley specifically advised Plaintiff that he was not under

27    arrest but that he was being detained. Coley asked Plaintiff if he could conduct a

28    safety search of his person.  Plaintiff consented.  Coley then searched Plaintiff's

6

person, removed his personal items (wallet and cell phone) . Coley ordered Plaintiff to sit on the curb while another officer stood behind Coley.

40.    Plaintiff Baxter watched as two unknown officers (two of DOES 6-14) searched his vehicle without his consent.

41.    Plaintiff Baxter was unlawfully detained for 15 minutes before he was escorted by Defendant Coley to a patrol vehicle to be transported to Hemet Police Department.  No reasonable suspicion let alone probable cause existed.

42.    Plaintiff Baxter asked Defendant Coley "are you arresting me?" to which Coley responded "Yeah, for evading. You're lucky I'm not charging for felony evading."

43.     Plaintiff Baxter did not evade Defendant Coley and a reasonable officer would not have suspected as much.

44.    Although his truck was in front of his home, all Defendant Officers ordered a tow on his truck.  This cause Plaintiff harm in the cost of the tow and storage as well as the loss of its use while it was impounded. Defendants have refused to compensate him for that loss.

45.    Plaintiff Baxter was transported to Hemet Police Department and placed in a holding cell for approximately 3 hours before being transported to Southwest Correctional Facility.

46.    In Schroeder's police report, Schroeder falsely alleges that he was unable to interview Plaintiff. Schroeder also falsely alleges that Coley initiated his stop of Plaintiff Baxter for "traffic violation." (Ex-1, Ofc. Schroeder's Police Report) (Said report is not incorporated for the truth of the matters asserted therein).

47.    Defendant Coley used the threat of deadly force against Plaintiff Baxter when he drew his duty weapon at him. This threat being made in response to an alleged traffic violation.

48.    On August 9, 2019 Defendants Christian Coley, Nicholas Schroeder,

Complaint for Damages / Jury Demand

Daniel Reinbolt and/or DOES 1-14 did not have probable cause to lawfully arrest Plaintiff Baxter. Nor did the defendant officers have a reasonable suspicion that Baxter was involved in, or about to commit a crime.

49.    As such, Defendants Christian Coley, Nicholas Schroeder, Daniel Reinbolt, and DOES 6-14, and each of them, acted upon Baxter without legal justification.

50.    When Christian Coley ordered Baxter to pull over and used force and threatened the use of deadly force upon him, he could not lawfully order Baxter to pull over or lawfully use force on Baxter or his vehicle.

51.    Christian Coley used unjustified force in his traffic stop of Plaintiff Baxter when he rammed into Plaintiff Baxter's truck with his patrol unit.

52.    Christian Coley, Nicholas Schroeder and DOES 1-14 actively participated in arresting Baxter, and the full scope of force used on Baxter to affect that arrest.

53.    Due to the use of excessive force and unlawful search and seizure by the defendant officers, Baxter suffered loss of use of his property, damage to his vehicle, the cost of potential criminal defense, lost property, mental pain and suffering of anguish, fright, nervousness, anxiety, shock, humiliation, and indignity.

54.    On August 9, 2019, without probable cause, Baxter was unlawfully arrested for Vehicle Code § 2800.2 (a.k.a. evading arrest).

55.    Any reasonable officer knowing the same facts as existed on August 9, 2019 would not have been suspicious that Plaintiff Baxter had been or was about to be involved in activity related to a crime.

56.    Based on false and misleading evidence provided by and/or approved by Hemet Police department personnel: Christian Coley, Nicholas Schroeder, Daniel Reinbolt, and DOES 1-14, HPD personnel attempted to have charges filed against Plaintiff Baxter.

Complaint for Damages / Jury Demand

57.     Plaintiff Baxter is informed and believes that the Hemet police, and the named defendants and DOES 1-14  were, at the very least, negligent in their treatment of Baxter and, at worst, knowingly and intentionally malicious.

58.     The Hemet Police department has a duty to stop this type of conduct, to watch that it does not occur, and to, at least, train these officers to access the situation and react professionally without the need for excessive force.

59.     The City of Hemet, Hemet Police Department, Christian Coley, Nicholas Schroeder, Daniel Reinbolt, and DOES 1-15, had the ability and opportunity to stop the unlawful acts but did not attempt to do so.

60.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants City of Hemet, Hemet Police Department, Chief Eddie J. Pust, and DOE 15 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Baxter, including the right to be free from excessive force under the Fourth Amendment.

61.     As complained of herein above, none of the defendants to this action had a warrant for plaintiff's or his wife's arrest, nor probable cause to believe that plaintiff had committed a crime, nor reasonable suspicion of criminality afoot by the plaintiff, or any suspicion that the plaintiff was a danger to anyone or anything.

62.     Accordingly, the seizure of plaintiff by Defendants with force and the threatened use of deadly force, constituted an unlawful and unreasonable seizure of plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

63.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Baxter was injured in his health and person. He suffered and will continue to suffer severe mental anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and

9

1  apprehension, which have caused Plaintiff to sustain damages in a sum to be
2  determined at trial.

3      64.    Plaintiff Baxter was harmed by the acts of the Defendants and the
4  Department defacto policies and procedures, and its failure to supervise and train
5  its officers.   The Hemet Police Department's failures as an organization, created
6  an atmosphere that violations such as alleged here were sure to occur.

7      65.    Even if the Defendants did not intend to harm Baxter, their acts were
8  committed with negligence, and a failure to use the standards expected to be use
9  by a competent  law enforcement officer. (In so far as mis identifying Baxter, and
10 believing that force was needed when none was necessary)

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights -
### Unlawful / Unreasonable Seizure of Property
### (Against Coley, Schroeder, Reinbolt and DOES 1-14)

16     66.    Plaintiff hereby realleges and incorporates by reference the
17 allegations set forth in paragraphs 1 through 65, inclusive, above, as if set forth in
18 full herein.

19     67.    As complained of herein above, none of the defendants to this action
20 had a warrant for plaintiff's arrest, nor probable cause to believe that plaintiff had
21 committed a crime, nor reasonable suspicion of criminality afoot by the plaintiff,
22 or any suspicion that the plaintiff was a danger to anyone or anything.

23     68.    Accordingly, the seizure of plaintiff by Defendants Christian Coley,
24 Nicholas Schroeder, Daniel Reinbolt and DOES 1 through 14, inclusive, by
25 threatened use of force, constituted an unlawful and unreasonable seizure of
26 plaintiff, in violation of his rights under the Fourth Amendment to the United
27 States Constitution.

28

Complaint for Damages / Jury Demand

69.     Defendants Christian Coley, Nicholas Schroeder, Daniel Reinbolt and DOES 1 through 14, inclusive, unlawfully and unreasonably searched Plaintiff Baxter's vehicle in violation of his rights under the Fourth Amendment to the United States Constitution.

70.     Defendants Christian Coley, Nicholas Schroeder, Daniel Reinbolt and DOES 1 through 14, inclusive, unlawfully and unreasonably seized Plaintiff's vehicle in violation of his rights under the Fourth Amendment to the United States Constitution.

71.     Defendants Christian Coley, Nicholas Schroeder, Daniel Reinbolt and DOES 1 through 14, inclusive, unlawfully and unreasonably seized and never returned Plaintiff's cell phone in violation of his rights under the Fourth Amendment to the United States Constitution.

72.     As a direct and proximate result of the actions of defendants Christian Coley, Nicholas Schroeder, Daniel Reinbolt and DOES 1 through 14, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) incurred the loss of use of his vehicle and cell phone as well as towing and storage expenses; and 4) incurred other special and general damages and expenses in an amount to be proven at trial.

73.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant City, in an amount to be proven at trial.

///

///

///

///

///

Complaint for Damages / Jury Demand

**SECOND CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**Violation of Fourth Amendment Rights -**

**Excessive/Unreasonable Use of Force on Person**

**(Against Coley, Schroeder, Reinbolt and DOES 1-14)**

74. Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 73 inclusive, above, as if set forth in full herein.

75. As mentioned above and in addition to the above and foregoing, when Baxter was unlawfully arrested by Christian Coley, Nicholas Schroeder, Daniel Reinbolt and DOES 1 through 14, inclusive.

76. The actions of Defendants  Christian Coley, Nicholas Schroeder, Daniel Reinbolt and DOES 1 through 14, inclusive, of unlawfully and unreasonably searching Plainitff Baxter's person and vehicle; unlawfully and unreasonably seizing Plaintiff's vehicle and cell phone; unlawfully and unreasonably attempted an assault with a deadly weapon by ramming Plaintiffs vehicle with a patrol unit; and pointing a deadly weapon and the threat of deadly force against Plaintiff Baxter as complained above herein, constituted a violation of Plaintiff Baxter's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable search and seizure and excessive force upon his person.

77. As a direct and proximate result of the actions of defendants Christian Coley, Nicholas Schroeder, Daniel Reinbolt and DOES 1 through 14, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) incurred the loss of use of his vehicle and cell phone as well as towing and storage expenses; and 4) incurred other special and general damages and expenses in an amount to be proven at trial.

12

Complaint for Damages / Jury Demand

78.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Baxter's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save the City.

**THIRD CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**Violation of Fourteenth Amendment Rights -**

**Deliberate Fabrication and Spoliation of Evidence**

**(Against Coley, Schroeder, Reinbolt and DOES 1-14)**

79.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 78, inclusive, above, as if set forth in full herein.

80.     HPD Officers/ Defendants Coley, Schroeder, Reinbolt and DOES 1-14, were acting within the course and scope of their employment when they deprived Plaintiff Baxter of his Fourteenth Amendment Rights to the United States Constitution.

81.     Defendants Coley, Schroeder, Reinbolt and DOES 1-14, inclusive, deliberately fabricated evidence with the goal of it being used to as part of criminal prosecution against Baxter. All Defendants knew or should have known of the likelihood and possibility of such criminal prosecution

82.     Defendants Coley, Schroeder, Reinbolt and DOES 1-14, inclusive, also engaged in deliberate and intentional acts of spoliation of evidence designed to disrupt plaintiff's case as part of litigation pertaining to the subject event. All Defendants knew or should have known of the likelihood and possibility of such litigation.

83.     The reports of the incident complained of in this action are littered with material misrepresentations. These reports were ultimately submitted to the Riverside County District Attorney's Office in an attempt to induce criminal

13

Complaint for Damages / Jury Demand

prosecution against Baxter in an attempt to preclude Defendants' civil liability and prevent Plaintiff from exercising his ability to sue Defendants.

84.   Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were conveyed to criminal prosecutors, to induce the criminal prosecution of Plaintiff.

85.   The actions of Defendants Coley, Schroeder, Reinbolt and DOES 1-14, inclusive, as complained of herein, constituted a violation of Baxter's rights under the Fourteenth Amendment to the United States Constitution including his right(s) to Due Process.

86.   As the Hemet Police Department is law enforcement agency that stores and distributes evidence to prosecutions, Coley, Schroeder, Reinbolt and DOES 1-14 are the hunter gatherers of evidence for the City of Hemet, DOE 15, and prosecutors.

87.   As a municipality and the investigating agency that prosecutors rely on for accurate reporting, the City of Hemet, Hemet Police Department, Coley, Schroeder, Reinbolt and DOES 1-15 have knowledge of and should be held to a higher level of duty of care because evidence preservation, retention, and production is a part of their everyday environment.

88.   The City of Hemet has strict and strong policy regarding evidence retention, preservation, chain of custody, and production. Yet, in Plaintiff's case, Coley, Schroeder, Reinbolt and DOES 1-15 exhibited a wonton disregard for its own internal policies and the laws and constitutions of the state and federal governments regarding the same.

89.   As a direct and proximate result of the actions of Defendants Coley, Schroeder, Reinbolt and DOES 1-14, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) incurred the loss of use of

his vehicle and cell phone as well as towing and storage expenses; and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial.

90.     The actions of Defendants Coley, Schroeder, Reinbolt and DOES 1-14, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Baxter's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Assault and Battery)**

**(Against All Defendants)**

91.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 90, inclusive, above, as if set forth in full herein.

92.     HPD Officers/ Defendants Coley, Schroeder, Reinbolt and DOES 1-14, acting within the course and scope of his employment, assaulted and battered Plaintiff Baxter.

93.     Defendant Coley used the threat of deadly force on Plaintiff Baxter when he held Plaintiff Baxter at gunpoint.

94.     Defendant Coley attempted an assault with a deadly weapon upon Plaintiff Baxter when he rammed Plaintiff's vehicle with his patrol unit.

95.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants,  Baxter was injured in his person and property. Plaintiff's wheel of his vehicle was damaged and he suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Baxter to sustain damages in a sum to be determined at trial.

15

Complaint for Damages / Jury Demand

96.     The City of Hemet, Hemet Police Department, and DOE 15 are vicariously liable pursuant to Cal. Gov't Code § 815.2(a).

97.     The aforementioned acts of all Defendants were willful, wanton, malicious and oppressive, with reckless disregard for, with deliberate indifference to, and with the intent to sadistically subjected Plaintiff Baxter to pain, and suffering, entitling Plaintiff to exemplary and punitive damages against Defendants in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress (IIED)
### (Against All Defendants)

98.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 97, inclusive, above, as if set forth in full herein.

99.     Plaintiff, Baxter claims Defendants Coley, Schroeder, Reinbolt and DOES 1-14 conduct was outrageous.

100.   HPD Officers/ Defendants Coley, Schroeder, Reinbolt and DOES 1-14, were acting within the course and scope of their employment, when they intentionally inflicted emotional distress on Plaintiff Baxter.

101.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 intended to cause Baxter emotional distress including using excessive force and the threat of excessive force against Plaintiff in front his neighbors, arresting Baxter, again, as witnessed by his neighbors.

102.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 intended to cause Baxter emotional distress by arresting him for false charges, filing false police reports and submitting altered evidence to the Riverside County District Attorney's office and the Department of Motor Vehicles, ultimately to attempt an undue and stressful prosecution for crimes he did not commit.

103.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 acted with

16

1  reckless disregard of the probability that Baxter would suffer emotional distress.

2      104.   Baxter suffered severe emotional distress. Defendants Coley,

3  Schroeder, Reinbolt and DOES 1-14 conduct was a substantial factor in causing

4  Baxter's severe emotional distress..

5      105.   All defendants denied, aided, incited a denial, and/or committed

6  wrongful acts as herein described.

7      106.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 knew that

8  Baxter were particularly vulnerable to emotional distress being that Plaintiff

9  Baxter was held at gunpoint, rammed with a patrol unit and arrested in front of his

10 neighbors while simply moving his vehicle into his driveway from the street by

11 officers who acted under color of authority.

12     107.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 knew that

13 their conduct would likely result in harm due to mental distress.

14     108.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 gave little or

15 no thought to the probable effects of their conduct

16     109.   The City of Hemet, Hemet Police Department and DOE 15  are

17 vicariously liable pursuant to California  Government  Code § 815.2(a).

18     110.   Baxter was harmed; and all defendant's  conduct was a substantial

19 factor in causing Baxter's harm.

20     111.   As a direct and proximate result of the aforesaid acts and omissions of

21 the aforementioned defendants,  Baxter was injured in his person and property.

22 Plaintiff's wheel of his vehicle was damaged and he suffered and will continue to

23 suffer severe mental and physical pain, suffering, anguish, fright, nervousness,

24 anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and

25 apprehension, which have caused Baxter to sustain damages in a sum to be

26 determined at trial.

27     112.   The aforementioned acts of Defendants Coley, Schroeder, Reinbolt

28 and DOES 1-14 were willful, wanton, malicious and oppressive, with reckless

Complaint for Damages / Jury Demand

disregard for, with deliberate indifference to, and with the intent to sadistically subject Plaintiff Baxter to pain and suffering - entitling Plaintiff to exemplary and punitive damages against Defendants in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Negligence / Negligent Infliction of Emotional Distress (NIED)

### (Against All Defendants)

113.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 112, inclusive, above, as if set forth in full herein.

114.   Plaintiff, Baxter claims  Defendants Coley, Schroeder, Reinbolt and DOES 1-14 owed Plaintiff a duty of due care to conduct themselves reasonably, professionally, and within constitutional limitations.

115.   Plaintiff, Baxter claims Defendants Coley, Schroeder, Reinbolt and DOES 1-14's conduct was outrageous, and unreasonable.

116.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 negligently caused Baxter emotional distress by using excessive force on Plaintiff's person, threatening Plaintiff with deadly force, and wrongfully arresting, searching & seizing Plaintiff in front his neighbors.

117.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 acted negligently, and/or with reckless disregard of the probability that Baxter would suffer emotional distress.

118.   Baxter suffered severe emotional distress.  Defendants Coley, Schroeder, Reinbolt and DOES 1-14's conduct was a substantial factor in causing Baxter's severe emotional distress.

119.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 knew that Baxter was particularly vulnerable to emotional distress being that Plaintiff Baxter was assaulted, threatened and arrested in front of his neighbors while simply parking his vehicle.

Complaint for Damages / Jury Demand

120.   Defendants Coley, Schroeder, Reinbolt and DOES 1-14 knew that their conduct would likely result in emotional distress.

121.   When Defendant Coley drew his service weapon at Plaintiff Baxter in response to non-criminal acts, Defendant Coley acted unreasonably and should have known that the extreme act of pointing a gun at Plaintiff would result in extreme fright, anguish, nervousness, and shock.

122.   Defendant Coley's pointing a gun at Plaintiff Baxter for alleged traffic violations is extreme and outrageous and with reckless disregard of the probability that Baxter would suffer emotional distress.

123.   The City of Hemet, Hemet Police Department, and DOE 15 are vicariously liable pursuant to California Government  Code § 815.2(a).

124.   As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants,  Baxter suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Baxter to sustain damages in a sum to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### Deprivation of Civil Rights - Entity and Supervisory Liability
### (42 U.S.C. § 1983)

### (Against Hemet,  Hemet Police Department, Chief  Pust, and DOES 15)

125.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 124, inclusive, above, as if set forth in full herein.

126.   Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants City of Hemet, Hemet Police Department, Chief Eddie J. Pust, and DOES 1-15 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to

Complaint for Damages / Jury Demand

the safety, security and constitutional and statutory rights of Baxter, including the

right to be free from excessive force under the Fourth Amendment:

a.      Failing to adequately train, supervise, and control officers in the

constitutionally permissible use of force: especially the proper use of carotid

restraint holds;

b.      Failing to adequately train, supervise, and control officers in proper

communication and appropriate responses to members of the public;

c.      Failing to set up systems to prevent abuse by officers, including

combating the "code of silence" by encouraging officers to intervene and prevent

abuse and misconduct by other officers;

d.      Failing to discipline officers involved in abusing their authority, or in

failing to report or prevent abuses of authority; and

e.      Condoning and encouraging HPD officers in the belief that they can

violate the rights of persons such as Plaintiff David Baxter with impunity, and that

such conduct will not adversely affect their opportunities for promotion and other

employment benefits.

127.   The following are only a few examples of cases where the involved

officers were not disciplined, remanded,, retrained, suspended, or otherwise

penalized in connection wit h the underlying acts giving rise to the below lawsuits,

which indicates that the City of Hemet routinely ratifies such behavior:

a.      <u>Defendant Christian Coley</u>: In *Acosta v. City of Hemet, et. al.,* case

number 5:19-cv-00779-CJC, which was a case where the complaint alleges that

Officers **rammed a patrol unit into the Plaintiffs vehicle and officers shot at**

**and hit the Plaintiff in the back as the Plaintiff exited his vehicle with his**

**hands up.** The Defendant City of Hemet settled the matter.  This case named

Officer Christian Coley as a defendant.  This case is an example that it is a

common practice of Hemet Police Department to ram their patrol vehicles into

unarmed suspects vehicles and use deadly force on unarmed suspects.

Complaint for Damages / Jury Demand

1    b.    Defendant Daniel Reinbolt: In *Thomas Smith v. City of Hemet, et al*,
2 case number 5:00-cv-00811-VAP-SGL, which was a case where the **Plaintiff was**
3 **unable to sue for his injuries because he was charged with and subsequently**
4 **plead guilty to a Penal Code §148 violation** of Officer Rienbolt's duties for his
5 failure to remove his hands from his pockets.  The complaint alleges excessive
6 force of pepper spray and dog bite. According to the dissenting opinion by United
7 States Court of Appeals, Ninth Circuit Judge W. Fetcher in the subsequent appeal
8 (No. 02-56445)  "*The majority decision is also an open invitation to police*
9 *departments to use charges and plea bargains under § 148(a)(1), or its*
10 *equivalent, to avoid § 1983 excessive force suits.*"  As Defendant Reinbolt was
11 named in this suit when he was an officer and he is now a sergeant with Hemet
12 Police Department, Plaintiff is informed and believes that Reinbolt approved
13 Defendant Schroeder's report to use the charges against Plaintiff to avoid this §
14 1983 excessive force suit.

15    c.    Defendant Nicholas Schroeder: *Orla Ladefoged v. City of Hemet, et.*
16 *al.*, case number 5:19-cv-00903 was a case that identified Nicholas Schroeder as a
17 defendant. He was alleged to have used **excessive force on an unarmed person**
18 when officers deployed Tasers, police K-9, and excessive restraints, ultimately
19 leading to the suspect/decedent's death.

20    d.    Defendant Nicholas Schroeder: In *Karen Mendoza v. City of Hemet,*
21 *et.al.*, case number 5:21-cv-01134-JGB-SHK, which is another case identifying
22 Nicholas Schroeder as a defendant alleged **excessive force on an unarmed**
23 **passenger in a traffic stop** when Schroeder shot her in the back with multiple
24 Kinetic impact projectiles (commonly known as rubber and plastic bullets) without
25 provocation.

26    128.    As a direct and proximate result of the aforesaid acts and omissions of
27 the aforementioned entity and supervisory defendants, Baxter was injured in his
28 health and person. He suffered and will continue to suffer severe mental and

physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Baxter to sustain damages in a sum to be determined at trial.

129.   As a further direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiff incurred loss of use and other expenses, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

130.   Chief Eddie J. Pust's failure to train and supervise HPD officers in the constitutional use of force and search and seizure practices and his ratification of the use of force and search and seizure practices upon Plaintiff, was willful, wanton, malicious and oppressive, and with reckless disregard for, in deliberate indifference to, and with the intent to deprive persons who might come in contact with HPD officers of constitutional rights, and did in fact violate the aforementioned Fourth, Ninth, and Fourteenth Amendment rights of Plaintiff, entitling Baxter to exemplary and punitive damages against Chief Eddie J. Pust in an amount to be proven at trial.

131.   It was that failure that was the moving force in the depravation of Plaintiff's rights against his liberty interest to be free from invasive procedures and seizures.  In the case at bar, the Defendants Police officers felt free to search, seize and use excessive force and the threat of deadly force, and falsely arresting and reporting on Plaintiff without fear that their acts would receive censure from their department. Indeed, Plaintiff is informed and believes that those officers audio and/or video taped the procedure demonstrating that they felt that their acts were authorized, if not encouraged, by their department, the City of Hemet and/or DOE 15. (Or, at the very least would not meet with disapproval, censure or discipline). Thus, this problem, the actions, polices and procedures that led up to the depravation of Plaintiff's rights were systemic in that department and constituted deliberate indifference by the City to the rights of persons such as Plaintiff.

**PRAYER**

**WHEREFORE**, Plaintiff requests relief as follows, and according to proof, against each defendant:

1.  General and compensatory damages in an amount according to proof;

2.  Special damages in an amount according to proof;

3.  Punitive damages against each individual and DOE defendant, but not against the City of Hemet, Hemet Police Department, DOE 15, or Police Chief Eddie J. Pust (unless the Court deems proper pursuant to Govt. Code §815.2), in an amount according to proof;

4.  Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988; and

5.  Such other relief as may be warranted or as is just and proper.


Dated: August 6, 2021                    SCHLUETER LAW FIRM, PC

                                   By:   /s/ Peter Schlueter

                                         Peter B. Schlueter, Attorney for
                                         Plaintiff David Baxter


**COMPLAINT and DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.


Dated: August 6, 2021                    SCHLUETER LAW FIRM, PC

                                   By:   /s/ Peter Schlueter

                                         Peter B. Schlueter, Attorney for
                                         Plaintiff David Baxter

Complaint for Damages / Jury Demand